UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>                 Plaintiff,<br><br>v.<br><br>SHERIFFS DEPARTMENT,<br><br>                 Defendant. | Case No.: 17-CV-2149 JLS (KSC)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; 2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM; (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF Nos. 2, 3) |

Presently before the Court are Plaintiff Rudolf Shteynberg's Motion to Proceed *In Forma Pauperis* ("IFP"), ("IFP Mot.," ECF No. 2), and Motion for Appointment of Counsel, ("Mot. for Counsel," ECF No. 3).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of

fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating his total monthly income is $937.36 (received through disability payments and "annuity payments"), he is currently unemployed, and has no assets. (IFP Mot. 2–4.)[1] Plaintiff states his monthly expenses are approximately $470. These expenses comprise of $70 for a 2-day "hotel stay," approximately $200 for "small business development" and approximately $200 for "taxi, rental hotel stay and others." (*Id.* at 5–6.) It appears the "hotel stay" is double counted, and Plaintiff lists no other expenses. Plaintiff also states he is going through a divorce, but lists nothing regarding his spouse's employment history or income. (*Id.* at 3–6.) At this time, it is unclear if Plaintiff is able to pay the requisite fees and costs. Accordingly, the Court **DENIES** Plaintiff's Motion to Proceed IFP. As will be discussed below, the Court has previously granted Plaintiff's Motion to Proceed IFP in his related case, No. 17-CV-1098-JLS-KSC.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Even though it denies Plaintiff's Motion, the Court finds it necessary to screen Plaintiff's Complaint. The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915

---

[1] For ease of reference, page numbers to docketed materials refer to the CM/ECF page number.

make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case, Plaintiff's Complaint appears to be a reiteration of his request for counsel. The entire Complaint states: "This is to notify Judge appointed and judicial authority that Plaintiff is in position to continue [illegible] volunteers Program and Counsel

to be appointed as the Plaintiff who is acting on his own and have no [knowledge] and legal capacity to pro[c]eed on his own. Limited [knowledge] of legal terms would not [illegible] him to communicate in legal manners or proceed on his own. Previous request from Judge Sammartino to obtain names of the Defendants Parties was not released in full by San Diego County Sheriffs Department and it was discussion in the correctional facility on release of such information." (ECF No. 1, at 3.)

Attached to Plaintiff's Complaint is a Complaint Form for the San Diego County Sheriff's Department, (ECF No. 1-20). In this Complaint Form, Plaintiff requests the "release of all sheriffs officers and names of Judges (including medical team / doctors, nurses, and employees) working at the date/ time of [illegible] in custody. Date and time of my incarceration." (*Id.*) No other information is provided.

Plaintiff has filed a complaint in a related case before the Court, (*see* Case No. 17-CV-1098-JLS-KSC). The issue in that case arises from alleged personal injury against Plaintiff by the San Diego County Sheriff's Office. (*See* ECF No. 1.)[2] In that case, the Court granted Plaintiff's motion to proceed IFP on June 30, 2017, but dismissed the Complaint pursuant to mandatory screening under 28 U.S.C. §§ 1915(e)(2) & 1915A(b), (*see* ECF No. 6.) The Court granted Plaintiff thirty days to refile his complaint. Instead of filing an amended complaint, Plaintiff filed various motions (motion to expedite, motion to appoint counsel, and motion for recusal), which the Court generally denied in an omnibus order, (*see* ECF No. 19).[3] The Court gave Plaintiff an additional thirty days from the date of the omnibus order to file his Amended Complaint.

---

[2] The citations to the ECF docket in this section relate to the docket in 17-CV-1098.

[3] The Court did grant Plaintiff's Motion to Stop Correspondence to Mailing Address, (ECF No. 10). However, the Clerk's Office has attempted to mail Plaintiff various Orders in case number 17-CV-1098 and these have been returned as undeliverable. Plaintiff's listed mailing address in the present case, number 17-CV-2149, is the same address Plaintiff requested the Court stop mailing correspondence to; however, his filings in the present case are also his most recent use of a mailing address. Therefore, in an effort to reach Plaintiff, the Court will direct the Clerk's Office to send correspondence to the address listed in case 17-CV-2149.

Instead, Plaintiff filed a renewed motion to appoint counsel, which the Court denied on October 18, 2017, (*see* ECF No. 35). The Court gave Plaintiff an additional thirty days to file an Amended Complaint. Subsequent to that order, all correspondence in Case Number 17-CV-1098 has been returned to the Clerk's Office as undeliverable, (*see* ECF Nos. 38, 39). On October 19, 2017, Plaintiff filed the present Complaint as a new case instead of filing an Amended Complaint in his original case.

Throughout all the filings in both cases, Plaintiff continues to disregard the Court's most basic order: Plaintiff must file an amended complaint in his original case that explains, through <u>factual allegations</u>, exactly what happened in his case, that is, who did what to Plaintiff, what were the circumstances, how was he wronged. As discussed previously, Plaintiff's Complaint in this case provides no factual allegations as to what happened or how he was wronged. Plaintiff's Complaint appears to be a renewed request for counsel. Therefore, the Court finds that Plaintiff has not met the screening standards of 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff's Motion for Appointment of Counsel consists of a standardized form listing his contact information and stating that he has no money in a checking or savings account. (ECF No. 3, at 2, 6.) Plaintiff does not list any reason why he needs counsel appointed, but rather underlines the prompt on the standard form. (*Id.* at 4.) The only other information provided is his statement that "I've made previous attempts to contact Attorney's [sic] (Law Offices)." (*Id.* at 3.)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons. This discretion, however, may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an

evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds Plaintiff has not satisfied the standards for appointment of counsel under 28 U.S.C. § 1915(e)(1). In both this case and the related case, Plaintiff has failed to file a complaint that explains, through factual allegations, exactly what happened in the case. The Court cannot evaluate Plaintiff's Motion for Counsel without an operative complaint. Furthermore, Plaintiff's Motion has no reason whatsoever why his situation merits appointment of counsel. Therefore, the Court finds that neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time and **DENIES** Plaintiff's motion, (ECF No. 3).

## CONCLUSION

The Court has repeatedly extended Plaintiff's deadline for filing an amended complaint. Plaintiff has repeatedly failed to do so. Instead, he has filed a variety of motions in case number 17-CV-1098 and has filed an entirely new case, presently before the Court, which appears to arise from the same common nucleus of operative facts. The Court cannot evaluate Plaintiff's claim without a short and plain statement showing why Plaintiff is entitled to relief.

In sum, the Court **DENIES** Plaintiff's Motion to Proceed IFP, (ECF No. 2), and **DENIES** Plaintiff's Motion for Counsel, (ECF No. 3). Pursuant to the screening requirements of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1). The Court **ORDERS** the Clerk of Court to mail a copy of this Order as well as the Court's Order in case number 17-CV-1098, dated October 18, 2017, (ECF No. 35), to Plaintiff's most recently filed mailing address (in case number 17-CV-2149).

///

6

17-CV-2149 JLS (KSC)

1  Because Plaintiff has not received the Court's Order in 17-CV-1098, the Court **GRANTS**
2  Plaintiff an additional <u>thirty (30) days</u> from the date on which this Order is electronically
3  filed to file an amended complaint in Case Number 17-CV-1098.  *Failure to file an*
4  *amended complaint within thirty days may result in this case being dismissed for failure to*
5  *prosecute.*

**IT IS SO ORDERED.**

Dated:  November 16, 2017

*Janis L. Sammartino* (signature)
Hon. Janis L. Sammartino
United States District Judge